NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MILLARD LEFF, | : | |
| | : | Civ. No. 05-3648 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| FIRST HORIZON HOME LOAN CORP., EQUIHOME MORTGAGE CORP., FLAGSTAR BANK, BANCTEL.COM, LLC | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of defendant Equihome Mortgage Corporation ("Defendant") to suppress the recorded telephone communications between Kenneth Leff ("Mr. Leff") and Jeffrey R. Bergida from admission into evidence at trial. The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to suppress is denied.

**I.     BACKGROUND**

    Mr. Leff, on behalf of his father Millard Leff ("Plaintiff"), commenced this action against defendants alleging that they engaged in various predatory lending practices in connection with a mortgage transaction. Plaintiff is approximately 80 years old and resides at 2 Demott Road, Whitehouse Station, New Jersey. Defendant Equihome is a corporation engaged in the business of mortgage lending. Equihome's main office is located at 131 Morristown Road, Bernardsville, New

Jersey. Equihome provided a mortgage loan, underwritten by Flagstar Bank, to Plaintiff. The mortgage closing occurred on April 30, 2004.

After the mortgage closing, Kenneth Leff spoke with Jeffrey Bergida, former general counsel of Equihome, on several occasions regarding the possible recision of Plaintiff's loan. Mr. Leff conducted the phone conversations from his home in Florida, while Mr. Bergida was in New Jersey during these communications. Mr. Leff allegedly recorded these telephone conversations, however, Mr. Bergida contends that he did not know the communications were being recorded and did not consent to the recording.

**II.    DISCUSSION**

   **A. New Jersey Law Applies to the Determination of Whether the Recorded Conversations Should be Suppressed**

Defendant contends that the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01 et seq., applies in this case, and that according to Florida law, the recorded conversations between Mr. Leff and Mr. Bergida should be suppressed. "To establish a claim under the Wiretap Statute, the persons bringing suit must be Florida residents or the improper 'interception' must have occurred in Florida." Cohen Bros., L.L.C. v. ME Corp., S.A., 872 So. 2d 321, 324 (Fla. 3rd DCA 2004). "The law is clear that an 'interception' occurs 'where the words or the communication is uttered, not where it is recorded or heard.'" Id. (quoting Koch v. Kimball, 710 So. 2d 5, 7 (Fla. 2d DCA 1998)). "'Intercept' means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." § 934.02(3), Fla. Stat. Ann. See also State v. Tsavaris, 394 So. 2d 418, 421 (Fla. 1981), receded from on other grounds by Dean v. State, 478 So. 2d 38, 41 (Fla. 1985) ("'[T]o intercept' means to gain control or

possession of a communication through the sense of hearing and through the use of an electronic or mechanical device.").

In the case at hand, the party asserting the claim pursuant to the Florida Wiretap Statute is not a Florida resident, rather, Defendant's main office is located in Bernardsville, New Jersey. The utterances made by Mr. Bergida on behalf of Defendant Equihome were made in New Jersey. Defendant confirms that Mr. Bergida was in the Bernardsville, New Jersey office or was traveling within the state of New Jersey during these conversations. Accordingly, since Florida law considers an interception to occur where the words or communications are uttered and not where they are recorded or heard, the words spoken by Mr. Bergida are considered to be intercepted in New Jersey. Accordingly, Florida law does not apply in this case, and the Court will look to New Jersey law to determine whether these conversation should be suppressed.

According to § 2A:156A-4(d), it shall not be unlawful under the New Jersey Wiretapping and Electronic Surveillance Control Act for:

> [a] person not acting under color of law to intercept a wire, electronic or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception unless such communication is intercepted or used for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of this State or for the purpose of committing any other injurious act.

"Intercept" means "the aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical, or other device." N.J. Stat. Ann. § 2A:156A-2. Thus, "a party to a telephone conversation who records that communication is deemed to 'intercept' it under the New Jersey Wiretapping Act." State v. Lane, 279 N.J. Super. 209,

3

218 (App. Div. 1995) (citing State v. Minter, 116 N.J. 269, 275(1989)).

In State v. Worthy, 141 N.J. 368, 379 (1995), the Court found that "there can be no doubt that the legislative concern for privacy embraces the privacy interest that a resident in New Jersey has in telephone conversations that originate from an out-of-state telephone." Minter, 116 N.J. at 276. The Court determined that there was not an "impermissible or extra-territorial extension of the statute [Wiretap Control Act] because the telephone calls, though originating from an out-of-state telephone, involved conversations with a person in New Jersey." Worthy, 141 N.J. at 379. Defendant claims that the Court concluded the Act only applies to the interception of out-of-state telephone calls when a party to the communication is located in New Jersey and when New Jersey law enforcement officers cooperate in the process for the purpose of investigating criminal activity in the State. This interpretation is incorrect. In Worthy, the Court was faced with a situation involving an informant who was acting under the color of the law, as he was directed to record conversations by a member of the prosecutor's office. However, the member of the prosecutor's office did not seek prior approval for the recording from the Attorney General or her designee or a county prosecutor as required by the Wiretap Control Act.

The correct application of the Wiretap Control Act proscribes the taping of telephone conversations of others, without consent, when the interceptor is not a party to the conversation. N.J. Stat. Ann. § 2A:156A-2, -3. "Explicitly excepted from these proscriptions are telephone conversations intercepted with the consent of either party to the conversation." D'Onofrio v. D'Onofrio, 344 N.J. Super. 147, 154 (App. Div. 2001); N.J. Stat. Ann. § 2A:156A-4(d). "Thus, the taping of one's own telephone conversations with another, while an 'intercept' within the meaning of both statutes . . . is a violation of neither." D'Onofrio, 344 N.J. Super. at 154 (internal citations

4

omitted); N.J. Stat. Ann. § 2A:156A-2(c); <u>Worthy</u>, 273 N.J. Super. at 150-51.

In this case, Mr. Leff was in Florida when he initiated the call to Mr. Bergida, who was in New Jersey during each of the communications. Mr. Leff was a party to the call, and thus there was consent by one party to the recording of the conversation. Mr. Leff's status as an out-of-state caller does not prevent the New Jersey Wiretap Control Act from applying here, as New Jersey courts have recognized the importance of the privacy interests of New Jersey residents when confronted with out-of-state calls. Accordingly, because Mr. Leff, as a party to the conversations, was not acting under the color of law when he initiated the telephone call to Mr. Bergida and the communication was not used for the purpose of committing any criminal or tortious act, there is no basis for the suppression of these recordings.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to suppress the recorded telephone communications between Kenneth Leff and Jeffrey R. Bergida from admission into evidence at trial is denied. An appropriate form of order accompanies this Memorandum Opinion.

Dated: May 22, 2007

                                              s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.