NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILLARD LEFF, | : |
| Plaintiff, | : Civ. No. 05-3648 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| FIRST HORIZON HOME LOAN CORP., EQUIHOME MORTGAGE CORP., FLAGSTAR BANK, BANCTEL.COM, LLC | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendant Equihome Mortgage ("Defendant") for Reconsideration of this Court's denial of Defendant's Motion for a New Trial. The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion for Reconsideration is denied.

**I.   BACKGROUND**

The relevant facts in this matter are laid out in detail in this Court's Memorandum Opinion of September 4, 2007 (September 4 Opinion). On September 14, 2007, Defendant filed a Motion for Reconsideration of Defendant's Motion for a New Trial.

**II.   DISCUSSION**

Defendant moves for reconsideration based upon the Court's incorrect statement that

Defendant failed to participate or attend a deposition of Plaintiff in December, 2005. The Court recognizes that this statement was incorrect. The Court is and was aware that the defense did attend and participate in the December, 2005 deposition, and a reading of the prior opinion makes it clear that the absence of the one incorrect sentence would not have led to a different result. Therefore, we decline to grant Defendant's motion.

The standard for reconsideration is high, and reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994), citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. 1 L. CIV. R. 7.1(i). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. CIV. R. 7.1(i). "The operative word in the rule is 'overlooked'." Id. Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

In the September 4, 2007 Opinion, this Court noted the Pretrial Order's statement that "'Plaintiff may be physically unable to attend trial'" and in that event, "'Plaintiff's videotaped deposition testimony will be presented to the jury.'" Millard Leff v. First Horizon Home Loan, et al, 05-03648, (GEB), Docket Entry No. 165, at 11 (D.N.J. Sept. 4, 2007). Defendant was therefore

put on notice five months before trial that Plaintiff might not attend the trial because of sickness or death. Defendant was given ample time to conduct a *de benne esse* trial deposition of Plaintiff to present the jury with more recent cross examination of Plaintiff than was conducted in December, 2005, but Defendant chose not to do so. Id. It was for this reason that Defendant's motion in that regard was denied, and the Court's misstatement regarding the December, 2005 deposition does not alter the Court's decision to deny Defendant's Motion for a New Trial.

**III.   CONCLUSION**

For the foregoing reasons, the Court denies Defendant's Motion for Reconsideration.

Dated: November __15__, 2007

                                        s/ Garrett E. Brown, Jr.
                              GARRETT E. BROWN, JR., U.S.D.J.